UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| FIRST SPECIALTY INSURANCE CORP., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:12 CV 186 |
| | ) | No. 3:14 CV 1613 |
| SUPREME CORPORATION, A SUBSIDIARY OF SUPREME INDUSTRIES, INC., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the court on cross motions for summary judgment filed by plaintiff First Specialty Insurance Corp. ("First Specialty") and defendant Supreme Corporation, a Subsidiary of Supreme Industries, Inc. ("Supreme"), as well as motions to amend the complaint filed by First Specialty. In addition, the court will address a motion to dismiss filed by First Specialty in a related case, 3:14 CV 1613. Briefly, First Specialty brought this action seeking a declaratory judgment to establish that it has no duty to defend or indemnify Supreme under a policy[1] of commercial general liability insurance for a lawsuit brought against Supreme by the buyer of buses that Supreme manufactured and sold.

The issue whether First Specialty "has" a duty to defend subsequently became whether it "had" a duty to defend when Supreme entered into a settlement of the

---

[1] Two substantially identical policies cover different time periods. The parties, and the court, refer to them simply as one policy.

underlying case brought against it. Because of that settlement, two things happened. First, Supreme filed an action against First Specialty (the aforementioned 3:14 CV 1613) seeking damages including its defense costs incurred in the underlying suit. Second, First Specialty moved to amend its complaint in this action to seek additional declarations regarding its duty (if any) to indemnify Supreme for those defense costs and damages in the underlying suit, and regarding certain issues surrounding a self-insured retention clause in the policy. In addition, First Specialty moved to dismiss 3:14 CV 1613 as being duplicative of the issues already inherent in this suit.

Summary judgment is of course to be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When considering the motion, the court must construe all of the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Laborers' Pension Fund v. RES Environmental Services, Inc.*, 377 F.3d 735, 737 (7th Cir. 2004). In a case involving cross-motions for summary judgment, that means that each party receives the benefit of all reasonable inferences drawn from the record when considering the opposing party's motion. *See Tegtmeier v. Midwest Operating Engineers Pension Trust Fund*, 390 F.3d 1040, 1045 (7th Cir. 2004); *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998).

In the present case the parties agree that all pertinent material facts are undisputed and that this case may be resolved, as to the duty-to-defend issue, on the

pending motions. The court therefore simply incorporates the undisputed facts into the discussion that follows. In addition, the parties agree that the application/interpretation of the policy at issue in this case is governed by Indiana law. (DE #20 at 3.)[2]

As pertinent to the parties' dispute, the policy that First Specialty issued to Supreme provides coverage in section I-(1)(a) for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages." (DE #3-2 at 26.) The policy further specified in section V-(3) that "bodily injury" means "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time," (*Id.* at 38), and in section I-(1)(e) that "[d]amages because of 'bodily injury' include damages claimed by any person or organization for care, loss of services or death resulting at any time from the 'bodily injury." (*Id.* at 27.)

The parties' dispute centers on one issue: whether the suit brought by the buyer, King County, State of Washington (hereinafter, "the County"), against Supreme includes any claim(s) seeking "damages because of 'bodily injury'" as meant in the policy. As First Specialty summarizes:

> [I]t is clear from Supreme's Motion that the *only* thing the parties disagree about is whether the underlying complaint filed by King County alleges damages because of "bodily injury" for which the insured, Supreme, could become legally obligated to pay.

---

[2] All citations herein to page numbers in the record are to the page number assigned by the CM/ECF system, not to the document's internal pagination.

(DE #22 at 2; DE #23 at 1 (Supreme's Reply Brief stating substantially same thing).) As pertinent here, that complaint included the following allegations:

    1. That the County was seeking damages for buses which "were poorly designed and manufactured and had numerous latent defects that made them unsafe for driving and carrying passengers," (Complaint ¶ I-1, DE #3-1 at 2);
    2. That the defects included: a) improperly installed insulation that created a "risk of burns to operators;" b) defects beneath rear seats that caused the emission of "noxious fumes;" c) radiator fluid in the passenger aisle; d) improperly-installed fuel lines that "contributed to the emission of noxious fumes;" and e) improper cabin air intake systems that "funneled noxious fumes . . . into the bus interior," (Complaint at ¶ I-2(3), (9), (10), (21), and (3), *Id.* at 3-4);
    3. That the County had issued a fleet defect notice (one of many) to Supreme "after numerous drivers and passengers complained of smelling fumes that caused burning and irritation in their eyes, ears, noses, and throats, as well as nausea and headaches," (Complaint at ¶ 35, *Id.* at 11);
    4. That the County took the buses out of service for six months because it was "[c]oncerned about the health and safety of operators and passengers," during which time it modified the cabin air intake to vent in fresh outside air, (Complaint at ¶ 35, 37, *Id.* at 11); and
    5. "Shortly after the buses were returned to service, additional passengers and operators complained about the smell of fumes and about eye and throat irritation, as well as nausea and headaches associated with the fumes," and the County again removed the buses from service, (Complaint at ¶ 41, 43, *Id.* at 12).

The complaint then pleaded three causes of action:[3] breach of contract, breach of implied warranty of merchantability; and breach of implied warranty of fitness for a particular purpose. (*Id.* at 16-17.) In its prayer for relief, the County requested "all damages and costs arising from . . . [Supreme's] breach of contract and breach of warranties, including but not limited to the purchase price for the buses, the cost of investigating defects and repairing and retrofitting the buses, and *all additional and consequential damages*," (*Id.* at 18, emphasis added.)

---

[3] The County also sought a declaration that it had properly revoked acceptance.

As First Specialty sees it, and argues in its motion for summary judgment, the underlying complaint seeks damages related solely to the buses themselves, for example, the costs of repairing and replacing them, but no damages for bodily injury:

> The underlying complaint alleges that inadequate fresh air intake and air filtration was discovered following complaints that fumes cause burning and irritation to drivers' and passengers' eyes, ears, noses, and throats, as well as nausea and headaches. However, while the underlying allegations against Supreme mention that some customers and employees made these complaints, there are no allegations that the county suffered damages because of these alleged injuries. Instead, the County mentions those passenger and employee complaints solely as a basis for its decision to take the allegedly defective buses out of service.

(DE #18 at 8-9, citations omitted.) First Specialty concludes that because "the *only* alleged damages to Supreme stem from the fact that the buses were allegedly 'lemons,' there is no coverage" under the policy and it has no duty to defend or indemnify Supreme in the underlying suit. (DE #22 at 2.)

Supreme's view is of course the opposite. Supreme's argument, simply stated, is that the County's allegations that drivers and passengers were made ill[4] by the fumes are there not only to justify taking the buses out of service, but also to plead the possibility of recovering damages for bodily injury to the drivers and passengers. In the underlying complaint's prayer for relief the County seeks "all additional and consequential damages," and under both Indiana and Washington law,[5] a buyer's

---

[4] As stated earlier, the policy specifically defines "bodily injury" to include sickness. (DE #3-2 at 38.)

[5] Presumably, any issues with respect to the underlying complaint, filed in a
(continued...)

5

consequential damages for breach of warranty can include damages for injuries to persons. Ind. Code § 26-1-2-715(2)(b); Wash. Rev. Code § 62A.2-715(2)(b). First Specialty's reply argument is that Supreme is ignoring the fact that the complaint's allegations that drivers and passengers suffered bodily injuries is not the same as claiming damages because of those injuries, made more evident by the fact that the County does not plead that it has already been sued or has paid any medical claims on behalf of passengers and/or drivers. (DE #22 at 3-4.)

It is this court's determination that First Specialty is viewing the underlying complaint through a fact-pleading lens and reading it too narrowly. Under Indiana law, the duty to defend is broader than the duty to indemnify, and is ascertained from "the allegations contained within the complaint against the insured, as well as upon those facts known or ascertainable by the insurer after reasonable investigation." *5200 Keystone Ltd. Realty, LLC v. Netherlands Ins. Comp.*, 29 N.E.3d 156, 161 (Ind. Ct. App. 2015). The insurer's duty to defend is "expansive," and arises for "suits alleging facts that *might* fall within the coverage." *Federal Ins. Co. v. Stroh Brewing Co.*, 127 F.3d 563, 566 (7th Cir. 1997) (emphasis added). If coverage would attach to any allegations in the complaint which are proved true, then a duty to defend arises. *Id*.

---

[5](...continued)
Washington state court, would be governed by Washington law. The parties have not raised the issue, other than Supreme noting that Indiana and Washington law are the same on this issue of consequential damages for breach of contractual warranty. In addition, Supreme observes in its reply brief that Washington utilizes notice pleading and endorses a liberal reading of complaints. (DE #23 at 2-3.)

The underlying complaint in this action alleged that the County's bus drivers and passengers were sickened by noxious fumes—a bodily injury under the policy, as First Specialty concedes—and it goes without saying, under the liberal standards which apply to notice pleading, that the County could seek damages for its own financial losses caused by drivers'[6] and passengers' efforts to hold the County liable. This potentiality became a reality when discovery ensued in the underlying suit. Supreme filed a supplement to its cross-motion showing that the County answered interrogatories stating that it was including in its itemization of damages a sum for "operator illnesses and medical costs" already paid, and disclosed that those costs might increase. (DE #25-1 at 5, 8.)

First Specialty filed a response to that supplement, arguing that those discovery responses do not change the nature of the underlying complaint because the County is asserting a legal impossibility. This impossibility argument, in simplest terms, is that the County's obligations arose under Washington's workers' compensation laws, and the County cannot recover medical expenses paid without showing that it has obtained assignments of its employees' claims against the potentially-responsible third party, Supreme. This argument may be correct as to Washington's workers' compensation laws, but ignores three things: 1) under Indiana law, the "duty to defend depends on

---

[6] It should also be pointed out that the policy specified that "[d]amages because of 'bodily injury' include damages claimed by any person or *organization for* care, *loss of services* or death resulting at any time from the 'bodily injury.'"(DE #3-2 at 26.) It would appear that if the County had additional expenses, e.g., overtime or temporary hires, because drivers were out sick, that would be an element of damages for bodily injury.

7

what the claimant alleges, not the ultimate merit or lack of merit of the claim," *Home Federal Sav. Bank v. Ticor Title Ins. Co.*, 695 F.3d 725, 731 (7th Cir. 2012); 2) that under notice pleading standards, it is doubtful that the County would need to plead to avoid a defense that it had not obtained proper assignments of employees' medical claims, *cf. Armer v. OpenMarket, Inc.*, 2009 WL 2475136 at *3 (W.D. Wash. July 27, 2009) ("plaintiffs are under no obligation to plead facts sufficient to negate every possible affirmative defense in order to avoid dismissal"); and 3) the point made above at 6 n.6 that if the County had additional expenses because of sickened drivers, those expenses might be damages on account of bodily injury, within the policy's coverage.

In sum, because the underlying complaint in this action contained allegations which were broad enough to include claims for damages because of bodily injury, First Specialty had a duty to defend. Therefore, its motion for summary judgment will be denied and Supreme's cross motion for summary judgment will be granted. This decision ordains the disposition of the remaining motions.

First Specialty's Preliminary Motion to Amend Complaint will be denied as moot, due to the court's disposition of its (second) motion to amend the complaint. The second motion to amend the complaint was prompted by Supreme's settlement of the underlying litigation, and the (second) amended complaint includes the same amendments as in the preliminary motion to amend the complaint. Thus, the preliminary motion is mooted by disposition of the second motion.

Supreme's opposition to the (second) motion to amend is only that it comes too late, long after discovery and briefing of the summary judgment motions in this case closed. Supreme argues that the court should decide only the duty to defend issue raised in the pending summary judgment cross motions, and leave the issues raised by First Specialty's amendments for a later day (and possibly another suit). But that day has arrived: the issues raised by the amendments are all germane to the damages issues raised by Supreme in 3:14 CV 1613, the motion to amend will be granted, and the two actions will be consolidated for all remaining proceedings.

## CONCLUSION

For the foregoing reasons:

1. First Specialty's motion for summary judgment (DE #17) is **DENIED**;

2. Supreme's cross motion for summary judgment (DE #19) is **GRANTED**;

3. First Specialty's preliminary motion to amend the complaint (DE #26) is **DENIED** as moot;

4. First Specialty's motion to amend the complaint (DE #31) is **GRANTED**;

5. On its own motion pursuant to Fed. R. Civ. P. 42(a), the court consolidates 3:14 CV 1613 with the present case, for all purposes; and

6. Because of that consolidation, First Specialty's motion to dismiss 3:14 CV 1613 (DE #10) is **DENIED** as moot.

Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 16, Fed. R. Civ. P. 72(a), and Local Rule 72-1(b), the court hereby **ORDERS** that this case be assigned to Magistrate Judge Christopher A. Nuechterlein for purposes of holding a scheduling/settlement conference at his and the parties' earliest convenience.

**SO ORDERED.**

Date: September 30, 2015

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT