# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| FIRST SPECIALTY INSURANCE CORP., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:12-CV-186-JTM-MGG |
|  | ) |  |
| SUPREME CORPORATION, a subsidiary of SUPREME INDUSTRIES, INC., | ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

On May 26, 2017, Plaintiff, First Specialty Insurance Corp. ("First Specialty"), timely filed its Renewed Rule 56(d) Motion to Defer Ruling on Motions for Partial Summary Judgment to Permit Review of Newly Produced Documents. [DE 91]. Along with its Renewed Motion, First Specialty filed the Affidavit of its attorney, James R. Branit. [DE 91-1]. Defendant, Supreme Corporation ("Supreme"), filed a timely response brief on May 31, 2017. First Specialty's Renewed Rule 56(d) Motion is ripe without a reply pursuant to this Court's order dated May 16, 2017. [DE 90 at 5]. For the reasons stated below, the Court now grants First Specialty's renewed motion.

## I.  RELEVANT BACKGROUND

On May 16, 2017, this Court denied without prejudice First Specialty's original Rule 56(d) Motion ["the Original Motion"] through which First Specialty sought time to unearth and file additional rebuttal evidence regarding the parties' pending cross motions for partial summary judgment. The Court held that First Specialty had "not explained with sufficient particularity

why the existing evidence [was] insufficient [and had] not indicated how much time [would be] necessary to complete the discovery [First Specialty sought]." [DE 90 at 4].

As recounted in the Court's May 16, 2017, order, the parties' cross motions for partial summary judgment relate to how much Supreme can recover from First Specialty for its litigation costs in the underlying litigation in King County, Washington ("the King County Litigation") for which this Court has found First Specialty had a duty to defend. The parties agree that First Specialty's duty to defend "does not arise until after Supreme exhausts its self-insured retention ('SIR')," which is defined as $100,000 per "occurrence." [DE 56 at 3]. Supreme contends that the King County Litigation constitutes a single occurrence under the controlling insurance policy while First Specialty contends that the Litigation incorporated three or five occurrences. Accordingly, each party seeks summary judgment as to the amount Supreme can recover based on its interpretation of how many occurrences existed. Supreme's motion for partial summary judgment became ripe on February 28, 2017, and First Specialty's cross motion for partial summary judgment became ripe on April 11, 2017.

Discovery on the number of occurrences has been ongoing and contentious as evidenced by this Court's order dated April 12, 2017, resolving First Specialty's second motion to compel. On March 2, 2017, after Supreme's motion for partial summary judgment became ripe, Supreme produced approximately 18,000 pages of King County documents that had been produced in the King County Litigation. This Court granted First Specialty an extension of time to file a reply in support of its own cross motion for partial summary judgment so that it could review those newly produced documents and incorporate them into a reply brief.

Then on May 12, 2017, in response to the Court's April discovery-related order and after summary judgment briefing on both motions had been completed for about a month, Supreme

2

served an additional three banker's boxes of documents on First Specialty. Through its as yet unfinished review of these new documents, First Specialty identified Supreme's internal communications and communications with its defense counsel in the King County Litigation regarding the causes of alleged bodily injury, litigation strategy, mediation, and settlement of the King County Litigation. On May 23, 2017, First Specialty was surprised once again when it learned for the first time that by June 2, 2017, Supreme would be producing about 55,000[1] pages of additional documents that it had produced in the King County Litigation. When it filed the instant Renewed Motion on May 26, 2017, First Specialty had not yet received Supreme's additional 55,000 pages, but expected them to relate to the alleged defects in Supreme's busses that allegedly caused bodily injury to King County employees. More specifically, First Specialty noted that the new production would likely include internal communications between Supreme representatives and information related to the subject matter of Supreme's General Counsel's affidavit testimony about the treatment of the King County bus operators' injuries as toxic exposure claims.

Through its Renewed Motion and the Affidavit of Attorney James Branit, First Specialty contends that the new documents, especially those related to alleged bodily injury, will likely include evidence relevant to the number of occurrences issue central to the pending motions for partial summary judgment. First Specialty also indicates that it is waiting on production of documents based on a December 2016 subpoena to King County that it similarly expects could include evidence relevant to the number of occurrences issue. More specifically, First Specialty argues that the new documents could include evidence that rebuts two assertions by Supreme's

---

[1] First Specialty's brief references "55,000" and "56,000" anticipated documents. Based on Mr. Branit's Affidavit, which states that "[o]n May 23, 2017, First Specialty learned that the scope of the additional 'Supreme' documents was approximately 55,000 pages," the Court will use the 55,000 number in this order. [DE 91-1 at 2, ¶ 3].

3

General Counsel in his Affidavit [DE 56-1 at ¶¶ 11–12] filed in support of Supreme's motion for partial summary judgment. Accordingly, First Specialty seeks time to review all the new documents, to take necessary depositions, and to file a supplemental brief related to the pending motions for partial summary judgment.

In its response to First Specialty's Renewed Motion, Supreme has reiterated its position from the Original Motion that the motions for partial summary judgment are fully briefed and ready for Court action. In addition, Supreme argues that nothing in the ongoing discovery production, even those documents recently received by First Specialty, should delay the Court's decision on the limited issue before it in the motions for partial summary judgment—that of defense costs recoverable by Supreme based on First Specialty's duty to defend. In support of its position, Supreme directed the Court's attention to its arguments raised in its summary judgment briefs and its brief in response to the Original Motion. There, Supreme argued that the Court need not defer its summary judgment ruling because First Specialty has not alleged any genuine dispute of material fact that could overcome Supreme's motion for partial summary judgment. Supreme further contends that any Rule 56(d) discovery by First Specialty will not create any genuine dispute of material fact to oppose Supreme's motion for partial summary judgment.

## II. ANALYSIS

In cases where a non-movant can show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, "the court may: (1) defer considering the motion or deny [the motion]; (2) allow time [for the non-movant] to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In other words, Rule 56(d) provides the non-movant with an opportunity to delay ruling on a motion for summary judgment by "affirmatively

demonstrating why [it] cannot respond to a movant's affidavits . . . and how postponement of a ruling on the motion will enable [it], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Korf v. Ball State Univ.*, 726 F.2d 1222, 1230 (7th Cir. 1984) (quotations omitted). Indeed, Rule 56(d) "is intended as a safeguard against a premature grant of summary judgment," should be construed liberally, and should not be denied "on rigid technical grounds." *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994).

To succeed, "[a] party seeking the protection of [Rule 56(d)] must make a good faith showing that it cannot respond to the movant's affidavits." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000). The non-movant must also identify the material facts that he anticipates discovering. *See Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999) ("A party . . . may not use [Rule 56(d)] to gain a continuance where he has made only vague assertions that further discovery would develop genuine issues of material fact." (quotations omitted)). Moreover, courts may deny a motion for relief under Rule 56(d) when "the discovery sought would not meet the issue that the moving party contends contains no genuine issue of fact." *New York City C.L.A.S.H. v. City of New York*, 315 F. Supp. 2d 461, 498 (S.D.N.Y. 2004) (internal quotations and citations omitted); *see also Wyttenbach v. Atoma Int'l*, 997 F. Supp. 1037, 1044 (N.D. Ill. 1998) ("If the requested discovery is not reasonably capable of adducing a genuine issue of material fact, a motion for additional discovery may be denied and summary judgment may be granted.")

In its Renewed Rule 56(d) Motion, First Specialty has identified the scope of the new documents it has received with greater particularity than it did in its Original Motion. Substantively, First Specialty has shown that the new documents are likely relevant to the number of occurrences issue at the heart of the motions for partial summary judgment. As such,

5

the Court is inclined to defer ruling to permit First Specialty to gather and present additional evidence to the Court. First Specialty has also complied with the Court's suggestion by outlining the time needed to review the new documents and conduct any further relevant discovery, especially depositions, in order to rebut Supreme's claims for summary judgment.

Through its briefing of the instant motion, Supreme does not disagree with First Specialty's assessment that the new documents likely include information related to the number of occurrences issue. Instead, Supreme asks the Court to deny First Specialty's Renewed Rule 56(d) Motion arguing that First Specialty has not argued that a genuine dispute of material fact exists to overcome summary judgment and that the new documents will not create a genuine issue of fact either. Accordingly, Supreme contends that the Court need not allow First Specialty further time for discovery and should proceed to rule on the pending and ripe motions for partial summary judgment. Supreme's argument is not persuasive.

First, Supreme relies upon *New York City C.L.A.S.H. v. City of New York* in support of its contention that First Specialty's Renewed Motion should be denied because it has presented no dispute of material fact. In *New York City C.L.A.S.H.*, the court denied Rule 56(d) discovery because the evidence already before the court on summary judgment was decisive such that the outcome on summary judgment would not change regardless of any additional evidence that may be added to the record. 315 F. Supp. 2d at 498–99. The same cannot be said in this case.

The parties' cross motions for summary judgment here urge the Court to reach different outcomes on the material number of occurrences issue. As a result, the additional evidence that may arise from the newly produced documents and any depositions First Specialty may take could support either First Specialty's position that there were multiple occurrences or Supreme's position that there was only one occurrence. Either way, that evidence—found in discovery

responses arguably produced late—could change the evidentiary record on the number of occurrences issue enough to alter the Court's summary judgment analysis.  In fact, new relevant evidence could even moot the summary judgment motions by clarifying the existence of a genuine dispute of material fact.  Therefore, some time now for discovery and supplemental briefing will ensure that the question of how much Supreme should recover for defense costs is decided as efficiently and equitably as possible. *See* Fed. R. Civ. P. 1.

Second, any prejudice Supreme may suffer if First Specialty is afforded time for further discovery and supplemental briefing can be attributed to Supreme's own spurts of late, unanticipated production of relevant documents since March.  Supreme's delayed discovery responses have thus caused First Specialty's need to review a large volume of new discovery responses to respond completely to the pending motions for partial summary judgment.  With that said, nothing guarantees that First Specialty will need to conduct any depositions after reviewing the new documents.  Similarly, nothing guarantees that the new documents will reveal evidence that First Specialty will choose to incorporate into a supplemental brief.  Yet, the prejudice to First Specialty could be serious if no additional time is allowed for its review of the documents and any follow-up.

### III. CONCLUSION

As noted above, Supreme recently produced a large volume of documents that are potentially relevant to the number of occurrences issue central to the pending motions for partial summary judgment.  Additionally, First Specialty could face undue prejudice if the Court rules on the pending motions for partial summary judgment without allowing it any time to review and react to the new and potentially relevant documents.  Therefore, the Court **GRANTS** First Specialty's Renewed Rule 56(d) Motion.  [DE 91].  The Court **DEFERS** ruling on the parties'

cross motions for partial summary judgment [DE 55 & 59] and First Specialty's Rule 56 Motion to Strike [DE 83] to permit First Specialty time for discovery and supplemental briefing related to the number of occurrence issue.

However, this Court is keenly aware that this case is five years old and needs to continue moving toward "a just, speedy, and inexpensive determination." Fed. R. Civ. P. 1. As a result, in the interest of speedy and efficient resolution of this dispute, the Court will accelerate First Specialty's suggested timeline for Rule 56(d) discovery and any supplemental briefing. All relevant discovery, including review of the newly produced documents and any subsequent depositions, must be completed by **August 15, 2017**. First Specialty may file a consolidated supplemental brief to the pending motions for partial summary judgment by **September 15, 2017**. Supreme may file a supplemental consolidated response by **September 30, 2017**. No extensions will be granted.

Lastly, should First Specialty decide not to file a supplemental brief, it must immediately file a notice to that effect, at which point the cross motions for partial summary judgment will be deemed ripe for ruling by the Court.

**SO ORDERED.**

Dated this 14th day of June 2017.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge